IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WENDELL LEWIS FRANKLIN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:19-cv-00561 |
| | ) | |
| v. | ) | |
| | ) | |
| MR. MARK CAHOW, *et al.*, | ) | By: Elizabeth K. Dillon |
|     Defendants. | ) |     United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Wendell Lewis Franklin, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint asserting claims pursuant to 42 U.S.C. § 1983. Franklin's complaint names Mark Cahow and the Bedford Adult Detention Center ("BADC") as defendants. (Dkt. No. 1.) In his complaint, Franklin alleges that after his mother passed away on May 14, 2019, he requested to attend her funeral, which was scheduled for May 19. BADC staff initially told him he could attend the funeral if he completed certain paperwork and paid the cost of transport. Four days later, however, Captain Cahow told Franklin that he would not be able to attend because of an escape charge in his record from 2010. After Franklin explained that the escape charge had been dismissed, Cahow then said he did not have enough correctional officers to volunteer. Franklin claims that Cahow's decision was an abuse of discretion, "having the amount of time he had to figure out what could be done in order to get" him to the funeral. He further alleges that the reasons given for the denial were either erroneous or "not a factor." He contends that there "should have been some type of protocol in place" to address the problem. He seeks $1 million in damages as a result of not being permitted to attend the funeral. (*See generally* Compl., Dkt. No. 1.)

Franklin subsequently filed a letter docketed as a motion to amend his complaint, which addresses his exhaustion of administrative remedies and states that he "would like to revise the original date on my claim if it will hinder [him] from proceeding." (Dkt. No. 8.) To the extent he seeks to amend his complaint, the court will deny that motion as futile. For the reasons set forth herein, his complaint, either as it currently stands or as amended with additional allegations concerning exhaustion, fails to state a claim upon which relief may be granted. Accordingly, the court concludes that this action should be dismissed with prejudice.

Title 28 U.S.C. § 1915A(a) requires initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it, for example, is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). As an initial matter, BADC is not a legal entity and thus is not a "person" subject to suit under § 1983. *Weeks v. Blue Ridge Reg'l Jail Auth.,* No. 7:06-CV-00665, 2006 WL 3423904, at *1 (W.D. Va. Nov. 28, 2006) (noting that the Bedford Adult Detention Center is not a proper defendant in an action under 42 U.S.C. § 1983); *see also McCoy*

*v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (explaining that a jail "is not an individual, a corporation, a partnership, or an unincorporated association" and thus "lacks the capacity to be sued as a jail").

In any event, Franklin's complaint fails to state a federal constitutional claim against Cahow or anyone else, and the case is subject to dismissal. This is true regardless of how his claims are characterized.[1]

First, to the extent his claims are due process claims, numerous courts—including this one—have recognized that there is no protected liberty interest, and thus no constitutional right, to leave prison for a family member's funeral. *E.g.*, *Rathers v. Raney*, 238 F.3d 423, 2000 WL 1871702, at *2 (6th Cir. Dec. 13, 2000) (unpublished) ("An inmate has no liberty interest in attending a family member's wake or funeral . . . ."); *Merritt v. Broglin*, 891 F.2d 169, 174–75 (7th Cir. 1989); *Jones v. Lynchburg Adult Detention Ctr.*, No. 7:10-cv-00009, 2010 WL 227831, at *1 (W.D. Va. Jan. 19, 2010) (collecting authority); *Hipes v. Braxton*, 878 F. Supp. 56, 57 (W.D. Va. 1995). Moreover, to the extent that state law lays out provisions that might have enabled a funeral furlough, violations of state law by state officials do not provide a basis for constitutional claims under § 1983. *Weller*, 901 F.2d at 392.

To the extent his claims are Eighth Amendment claims alleging cruel and unusual punishment, the allegations are, at best, claims of negligence by Captain Cahow. Individuals do not have a constitutional right to be free from a government employee's negligence, even if it causes an injury; thus, officials' negligent actions do not give rise to any viable claim under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Any Eighth Amendment claim here fails. *See Thomas v. Farley*, 31 F.3d 557, 559 (7th

---

[1] Franklin does not appear to be asserting an Equal Protection claim, and he does not allege any facts to support such a claim.

Cir. 1994) (affirming dismissal of Eighth Amendment claim arising from negligent failure to allow prisoner to attend his mother's funeral).

For these reasons, Franklin's lawsuit is subject to dismissal. Furthermore, because it appears that there are not any additional facts Franklin could plead that would allow him to state a federal claim, his complaint will be dismissed with prejudice. An appropriate order will be entered.

Entered: December 18, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge